# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JANEY ALLYSON BARRETT | * |
| v. | * Civil No. JKS-10-1708 |
| MICHAEL J. ASTRUE<br>Commissioner of Social Security | * |

## MEMORANDUM OPINION

Plaintiff Janey Allyson Barrett brought this action pursuant to 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for disabled widow's benefits (DWB) under the Social Security Act (the Act). Both parties' motions for summary judgment and Barrett's alternative motion for remand are ready for resolution and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Barrett's motions for summary judgment and remand will be denied, and the Commissioner's motion for summary judgment will be granted.

1. **Background.**

Prior to filing the claim at issue here, Barrett applied for DIB on December 6, 2005, alleging an onset of disability on April 18, 2005. (R. 64). Her application was denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing on November 6, 2007, at which Barrett was represented by counsel. On January 9, 2008, the ALJ found that Barrett was not disabled within the meaning of the Act. (R. 64-71). On February 10, 2009, the Appeals Council denied Barrett's request for review, thus making the ALJ's determination the Commissioner's final decision. (R. 58). Barrett did not appeal that final decision.

On February 14, 2008, Barrett applied for DWB, alleging disability as of January 1, 2006, which the ALJ later amended to January 10, 2008, because Barrett did not appeal the prior

decision. The ALJ applied *res judicata* to bar Barrett from claiming that she was disabled prior to January 10, 2008. (R. 11). The ALJ hearing was held on October 20, 2009, at which Barrett was represented by counsel. (R. 26–54). On November 4, 2009, the ALJ found that Barrett was not disabled within the meaning of the Act. (R. 11–25). On June 9, 2010, the Appeals Council denied Barrett's request for review, thus making the ALJ's determination the Commissioner's final decision.

**2. ALJ's Decision.**

The ALJ evaluated Barrett's claim using the five-step sequential process set forth in 20 C.F.R. § 404.1520. First, the ALJ determined that Barrett has not engaged in substantial gainful activity since January 10, 2008, the alleged onset date. At step two, the ALJ concluded that Barrett suffers from congestive heart failure, diabetes, mellitus, and diabetic neuropathy. (R. 14). At step three, the ALJ determined that Barrett does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 19). At step four, the ALJ found that Barrett has the residual functional capacity (RFC) to perform simple, routine, unskilled, low concentration, low memory, and light work. The ALJ also limited Barrett to lifting 20 pounds occasionally, 10 pounds frequently, standing or walking for 5 or 10 minutes, sitting for 30 minutes consistently on an alternate basis, 8 hours a day, 5 days a week. The ALJ also found that Barrett should avoid heights, hazardous machinery, stair climbing, ladders, ropes, scaffolds, and should not engage in prolonged climbing, balancing, kneeling, and stopping. (R. 19). Once determining that Barrett was unable to perform past relevant work, the ALJ found at step five, based on testimony from a vocational expert (VE), that jobs exist in significant numbers in the national economy that Barrett can perform. (R. 24). As a result, the ALJ determined that Barrett was not disabled

within the meaning of the Act. (R. 25).

3. **Standard of Review.**

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

4. **Discussion.**

Barrett poses three allegations of error. She claims that the ALJ: erred in applying *res judicata* to a portion of her claim; failed to properly assess her credibility; and erred in finding that she had the capacity to perform light work.

　A. The ALJ correctly applied *res judicata* to Barrett's disability claim before January 10, 2008.

An ALJ's decision is binding on all parties unless the Appeals Council reviews the case or the claimant seeks judicial review by filing an action in a Federal district court. 20 C.F.R. § 404.955. Here, the Appeals Council did not review the ALJ's January 9, 2008, denial of her DIB claim and Barrett did not seek judicial review by filing an action in Federal court. As a result, the January 9, 2008, decision was a final decision that, through January 9, 2008, Barrett

was not disabled within the meaning of the Act.

Barrett now alleges that because her DWB claim had a different DLI, she was entitled to a new ruling on whether she was disabled as of March 19, 2007. However, the disability standard is the same, under 42 U.S.C. § 423(d), whether the claimant applies for DWB or DIB. *See* 42 U.S.C. § 402(e)(1)(B)(ii) (stating that a widow is entitled to benefits if such widow is between the ages of 50 and 60 and is under a disability, as defined in section 423(d) of this title). Because there was a final decision that Barrett was not disabled through January 9, 2008, she was properly precluded from claiming differently.

B. The ALJ properly assessed Barrett's credibility.

Barrett argues that the ALJ failed to appropriately assess her pain symptoms. ALJs must follow a two-step process for evaluating whether a person is disabled by subjective symptoms. *Craig v. Chater,* 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine that objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual symptoms alleged. 20 C.F.R. § 404.1529(b). Once the claimant makes this threshold showing, the ALJ must evaluate the extent to which these symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 96-7p. To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* The ALJ's opinion should be given great weight upon

4

review because he has had the opportunity to observe the demeanor and determine the credibility of the claimant. *Shively v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1984).

In the instant case, the ALJ determined that Barrett's physical impairments could reasonably cause some of the symptoms alleged. The ALJ, however, found that the medical record as a whole did not show that her symptoms occur with such frequency, duration, or severity as to reduce Barrett's RFC. In reaching this decision, the ALJ reviewed Barrett's allegations of constant foot pain, her inability to stand for long periods, walk more than a little, sit for five minutes, and climb stairs. (R. 20). The ALJ also noted that as of November 2007, the claimant began using a cane, which also coincided with her complaints of serious pain while at the Chester River Hospital Center. (R. 20, 277–323). The ALJ considered this testimony along with evidence that Barrett's pain management improved after beginning treatment with pain management specialists and that she had appeared at the hearing without a cane. (R. 20–21, 332).

The ALJ also noted that Barrett engages in more functional activities than she maintains, including taking care of her daughter's children. (R. 21). Barrett argues that the ALJ made "unwarranted assumptions" about her activity level concerning care of her grandchildren. The ALJ, however, had substantial basis for his conclusion. At the hearing, Barrett testified that she lives with her adult daughter and three young grandchildren, two 5-year-old twins and a little girl, and that her daughter worked in the hospital emergency ward and was a nursing student, and spent most of the day away from home. (R. 44-45). The ALJ properly inferred that Barrett was more involved in the care of these three young children that she admitted.

Barrett also presents two additional reasons why the ALJ's credibility assessment was inadequate. She notes that the first ALJ was not aware of the EMG testing and speculates,

without any apparent basis, that the second ALJ was influenced by the first ALJ's decision. The second ALJ, however, was clearly aware of the EMG testing. (R. 15). She next argues that the ALJ failed to take into account her increasing BMI. She claims that her BMI rose to 34, (R. 373), and a BMI over 30 requires at least some consideration under SSR 02-01p. While a June 24, 2008, report found that Barrett was 4'11" and weighed 170 ¾ lbs, she testified at the administrative hearing that she weighed 136 pounds. (R. 36). She also testified that this weight was "mostly normal" for her. In addition, Barrett does not allege or introduce any evidence, that she is limited by her weight, and "an individual shall not be considered to be under a disability unless [s]he furnishes such medical and other evidence of the existence thereof." 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512(a); *see also Pass v. Chater*, 65 F.3d 1200, 1203 (noting that the claimant bears the burden of production and proof through the first four steps of the inquiry). Accordingly, substantial evidence supports the ALJ's finding that, although objective evidence documented the presence of impairments that could reasonably be expected to result in pain or other symptoms, they were not of such a severity or frequency to render Barrett disabled.

- C. Substantial evidence supports the ALJ's finding that Barrett has the capacity to perform unskilled light work.

The ALJ fully considered all relevant medical and non-medical evidence in making the RFC determination. (R. 19-24). The ALJ concluded that Barrett has the RFC to perform light work, but her ability to perform all or substantially all requirements of light work is impeded by additional limitations. (R. 24-25). When, as here, the claimant's exertional level falls between two ranges of work, SSR 83-12 requires the ALJ to consult a vocational resource. Here, the ALJ consulted a VE to determine whether Barrett has the capacity to perform any work. The VE determined that given Barrett's age, education, work experience, and RFC, she would be able to perform the occupations of office helper, pre-assembler for printed circuit boards, and assembler

II for small products. (R. 25).

Barrett argues that the ALJ asked the VE for light work jobs, but then asked the VE a sedentary hypothetical question. The ALJ's hypothetical, however, included the limitations and impairments the ALJ found credible. (R. 48–49). Based on the ALJ's findings, the VE described jobs Barrett would be able to perform. (R. 49–50). The ALJ neither asked for light work jobs nor presented a sedentary hypothetical, but instead presented Barrett's limitations as they were actually found to exist.

Barrett also argues that the ALJ included the unnecessary limitation of "simple routine, unskilled jobs" in his hypothetical. (R. 48). Specifically, she argues that she was already limited to unskilled jobs due to her work history and that "simple" and "unskilled" do not adequately incorporate her specific limitations. However, Barrett's work history included medium skilled and semi-skilled jobs. (R. 47). In addition, in contrast to *Neely v. Astrue*, PWG-09-523 (D. Md. Sept. 30, 2010), this ALJ included a detailed assessment of Barrett's medical and non-medical evidence in reaching his decision. (R. 19–24). In *Neely*, Judge Grimm did not take exception to the ALJ's use of the terms "simple" and "unskilled," but rather merely found that the use of those terms without any analysis or detailed findings was inadequate. That error did not occur here.

**5. Conclusion.**

For the foregoing reasons, Barrett's motions for summary judgment and remand will be denied, and the Commissioner's motion for summary judgment will be granted.

Date: May 4, 2011  /S/
JILLYN K. SCHULZE
United States Magistrate Judge